UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Porfirio Zacarias-Sanchez ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> ANTONE MONIZ, Superintendent, Plymouth ) <br> County Correctional Facility ) <br> PATRICIA HYDE, Field Office Director, ) <br> TODD LYONS, Acting Director U.S. ) <br> Immigrations and Customs Enforcement, ) <br> and KRISTI NOEM, U.S. Secretary ) <br> of Homeland Security, ) <br> ) <br> Respondents. ) <br> _____) | Case No. 1:25-cv-12915 <br><br> **PETITION FOR WRIT OF HABEAS CORPUS** |

1. Petitioner Porfirio Zacarias-Sanchez is a citizen of Guatemala. He is currently detained in Massachusetts.

2. Petitioner has been continuously present in the United States for more than two years.

3. On or about August 14, 2025, Petitioner was arrested in Connecticut by U.S. Immigration and Customs Enforcement ("ICE").

4. Ordinarily, people arrested by ICE are served a Notice to Appear ("NTA") and placed into removal proceedings in the Immigration Court. Removal proceedings contain certain procedural protections required by the applicable statutes and regulations. The person attends hearings before an Immigration Judge and, if he or she is found removable, may apply for various forms of relief from removal. The decision of the Immigration Court is subject to appellate review by the Board of Immigration Appeals (the "BIA") and then via a petition for review to U.S. Court of Appeals.

1

While the removal proceeding is pending, people without a criminal record or involvement in terrorism are constitutionally entitled to a bond hearing with certain procedural protections, which may result in their release for the pendency of the proceeding. *See* 8 U.S.C. § 1226; *Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021) (for Section 1226(a) detainees, due process requires a bond hearing in which government bears burden of proof to show flight risk or dangerousness); *Brito v. Garland*, 22 F.4th 240, 256-57 (1st Cir. 2021) (affirming class-wide declaratory judgment of same).

5. In certain narrow circumstances, there is an alternative process called Expedited Removal. *See* 8 U.S.C. § 1225(b). Expedited Removal orders are issued without the typical process in the Immigration Court. Expedited removal orders are issued by an immigration enforcement official, not by an Immigration Judge. Expedited removal orders are not subject to appeal to the BIA and U.S. Court of Appeals. The potential forms of relief from the expedited removal process are much narrower and essentially require a showing of credible fear of return to the destination country, and adverse findings on credible fear are subject only to a limited review by an Immigration Judge without further review by the BIA. On information and belief, the government takes the position that people in expedited removal proceedings are not eligible for a bond hearing, but are rather mandatorily detained. *See* 8 U.S.C. § 1225.

6. One important limitation on Expedited Removal is that, as a matter of law, it cannot be applied to people who have been present in the United States for two years or more. *See* 8 U.S.C. § 1225(b)(1)(A)(iii)(II) (expedited removal limited to noncitizens who, among other things, have "not affirmatively shown, to the satisfaction of an immigration officer, that the alien has been physically present in the United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility under this subparagraph"). Presently, the limitation is

even more stringent: Expedited Removal can only be applied to people inside the United States who arrived by sea with the last two years or who were apprehended within 100 miles of the border and 14 days of entry. *See Make the Road New York v. Noem*, C.A. No. 25-190, 2025 WL 2494908, at *4-5, 23 (D.D.C. Aug. 29, 2025), *appeal and motion to stay pending at* No. 25-5320 (D.C. Cir.).

7. Currently, Petitioner's counsel has no access to the records of his arrest and civil immigration process, despite diligent efforts. However, based on all the information presently available, it appears that Petitioner was issued an Expedited Removal order and is currently being subjected to mandatory detention pursuant to that order.

8. Consistent with this conclusion, it appears that Petitioner was given a credible fear interview and a review of the credible fear denial by an Immigration Judge, both of which are typical of the Expedited Removal process. *See* 8 U.S.C. § 1225(b)(1)(A) & (B).

9. Also consistent with this conclusion, Petitioner's counsel has been unable to locate a Notice to Appear, any pending removal proceeding in the Immigration Court, or any final order of removal entered by the Immigration Court.

10. On information and belief, Petitioner is presently subject to an Expedited Removal order.

11. Because Petitioner has been present in the United States for longer than two years, it is unlawful for the government to order him to be subjected to Expedited Removal or detain him on that basis.

12. Because, on information and belief, Petitioner was unlawfully issued an immediate Expedited Removal order, he was never issued an NTA and he has been unlawfully denied all required process in the Immigration Court, all potential appeals from that process, and access to certain forms of relief from removal that would be potentially available in the Immigration Court.

13. Because, on information and belief, Petitioner was unlawfully issued an Expedited Removal order, he is being unlawfully denied access to a bond hearing and potential release on bond. *See Guerrero Orellana v. Moniz*, No. 25-12664, 2025 WL 2809996, at *10 (D. Mass. Oct. 3, 2025).

16. This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus) and 28 U.S.C. § 1331 (federal question).

17. Venue is proper because Petitioner is detained in Massachusetts.

18. Respondent Antone Moniz is the Superintendent of the Plymouth County Correctional Facility and is petitioner's immediate custodian.

19. Respondent Patricia Hyde is the New England Field Office Director for U.S. Immigration and Customs Enforcement.

20. Respondent Todd Lyons is the Acting Director for U.S. Immigration and Customs Enforcement.

21. Respondent Kristi Noem is the U.S. Secretary of Homeland Security.

22. All respondents are named in their official capacities. One or more of the respondents is Petitioner's immediate custodian.

## CLAIMS FOR RELIEF

### COUNT ONE
### Violation of Fifth Amendment Right to Due Process

23. On information and belief, Petitioner is currently being detained and subjected to Expedited Removal in violation of his constitutional right to due process of law.

24. Petitioner cannot be detained for, or subjected to, Expedited Removal because he has been continuously present in the United States for greater than two years.

25. The Expedited Removal statute largely "precludes judicial review," and therefore

challenges to "confinement and removal" under that statute fall within the "core" of the writ of habeas corpus. *See Trump v. J.G.G.*, 145 S. Ct. 1003, 1006-07 (2025); *cf. Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, (2020) (holding attempt "to obtain additional administrative review of his asylum claim" after Expedited Removal order was outside the "core" of habeas relief).

26. Accordingly, to the extent 8 U.S.C. § 1252(e)(2) purports to preclude habeas review of whether Petitioner is ineligible for detention and removal via Expedited Removal due to the length of his presence in the United States, that limitation violates the Suspension Clause and is void and without effect.

27. The Suspension Clause requires that the Court possess jurisdiction over challenges to placement in Expedited Removal. *See* U.S. Const. Art. I, sec. 9 ("The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it."). The Suspension Clause "ensures that, except during periods of formal suspension, the Judiciary will have a time-tested device, the writ, to maintain the delicate balance of governance that is itself the surest safeguard of liberty." *Boumediene v. Bush*, 553 U.S. 723, 745 (2008) (internal quotation marks omitted). Challenges to Expedited Removal Orders—which are issued by an executive official with no process for administrative or judicial review—fall squarely within the historical "core" of the habeas rights protected by the clause. *See Trump v. J.G.G.*, 145 S. Ct. 1003, 1005 (2025) (holding that, where petitioners challenged deportation under Alien Enemies Act, a deportation statute which "largely precludes judicial review," their claims for relief "necessarily imply the invalidity of [the noncitizens'] confinement and removal" and therefore "fall within the core of the writ of habeas corpus" (internal quotation marks omitted)); *see also Boumediene*, 553 U.S. at 780 ("[T]he common-law habeas court's role was most extensive in cases

of pretrial and noncriminal detention, where there had been little or no previous judicial review of the cause for detention."); *I.N.S. v. St. Cyr*, 533 U.S. 289, 305-06 (2001) (holding that "to conclude that the writ is no longer available in this context would represent a departure from historical practice in immigration law," including because "[u]ntil the enactment of the 1952 [INA], the sole means by which an alien could test the legality of his or her deportation order was by bringing a habeas corpus action in district court").

28. Indeed, if there were no judicial review whatsoever of the immigration agencies' determinations that people have been present for less than two years, then the immigration agencies would be free to find that essentially any arrested noncitizen without status is subject to Expedited Removal, in direct violation of the procedures and safeguards required for removal proceedings by the laws and Constitution of the United States.

29. Even assuming Petitioner is eligible for detention for removal proceedings, he has not been served with any NTA to initiate any such proceedings, and he has not been provided any opportunity to receive a bond hearing to which is he entitled during any such proceedings. The only apparent basis for Petitioner's current detention and potential deportation—Expedited Removal—is one that categorically does not apply to him.

**PRAYER FOR RELIEF**

Wherefore, Petitioner respectfully requests this Court to grant the following:

(1) Assume jurisdiction over this matter;

(2) Order that Petitioner shall not be transferred outside the District of Massachusetts;

(3) Issue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted within three days.

(4) Declare that Petitioner's detention violates the Due Process Clause of the Fifth Amendment.

(5) Issue a Writ of Habeas Corpus ordering Respondents to release Petitioner immediately.

(6) Grant any further relief this Court deems just and proper.

                                                    Respectfully submitted,

                                                    *Hillary Farber*

                                                    *Counsel for Petitioner*

Dated: October 6, 2025